In re LUCKE et al.

Court of Appeals of District of Columbia.

Submitted January 17, 1928. Decided February 6, 1928.

No. 2029.

Patents ⬤═72(5)—Application for patent for internal combustion engine held properly refused, as being covered by Leissner's British patent, August 19, 1913.

Application for patent for internal combustion engine, of Diesel type *held* properly refused as to all claims, since Leissner's patent (British), August 19, 1913, discloses all operations and functions set out in applicants' claims, and mere carrying forward of original thought is not invention which will sustain patent.

Appeal from the Commissioner of Patents.

In the matter of the application of Charles E. Lucke and Otto Nonnenbruch. From a decision of the Commissioner of Patents, refusing to allow any of applicants' claims, they appeal. Affirmed.

See, also, 24 F.(2d) 279.

C. J. Sawyer, of New York City, for appellants.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, refusing to allow any of applicants' claims.

The application discloses an internal combustion engine of the Diesel type, in which a charge of liquid fuel is forced by means of a suitable pump into a comparatively small preliminary combustion chamber, located just above and connecting with the cylinder combustion chamber. The fuel is fed in a fine spray through a fuel nozzle in timed relation with the movements of the engine piston, and by means of compression it is at once ignited and partially consumed. The fuel which remains unconsumed in the first chamber is then forced, by expansion, through the opening between the two chambers, into the cylinder or main combustion chamber, where combustion is instantly completed, thereby producing power for the down stroke of the piston. A whirling spray nozzle at the fuel intake is shown as a modification in one of the figures of the application. It is claimed that the present invention pro-

vides an apparatus and method employing a solid injection of oil or other liquid or solid fuel, by which the proper feed of the fuel to the cylinder for securing the maximum power and economy may be attained.

Counts 1 and 8 are illustrative, and read as follows:

"1. The method of feeding fuel to an internal combustion engine cylinder, which consists in compressing air in the engine cylinder and in a precombustion chamber having an opening into the cylinder injecting fuel late in the compression stroke or about the end of compression into the cylinder in a fine spray in such manner as to deliver the fuel near the cylinder opening with air reserved in the outer portion of the chamber, regulating the surface contact of fuel and air in the precombustion chamber by the character and surface of the spray, to secure the desired limited combustion in the chamber, and feeding the vaporized or gasified fuel and air into the cylinder combustion space through said opening by the relative pressures in the precombustion chamber and cylinder."

"8. In an internal combustion engine of that class having a precombustion chamber in communication with the cylinder, and from which the fuel is fed to the cylinder by the relative pressures in the chamber and cylinder, the combination with a precombustion chamber formed of a wall inclosing a single open space disposed substantially uniformly about the cylinder opening, of fuel-injecting devices coacting with the chamber to spray a charge of fuel into the compressed air near the cylinder opening and reserve a body of fuel-displacing air in that part of the chamber remote from the opening, whereby the expansion of the fuel-displacing air behind the fuel secures the feed of all the fuel to the cylinder on the working stroke."

The claims were all rejected by the Examiner, on Steinbecker, September 28, 1915, Leissner (British), August 19, 1913, and Evans (British), March 27, 1913. The Board of Examiners in Chief, upon appeal, affirmed the decision of the Examiner upon the same references. The Commissioner of Patents in turn affirmed the decision of the board, referring especially to the Leissner patent, supra. The applicants have appealed.

We think the Commissioner's decision is right. Leissner's engine is of the Diesel type, and discloses all of the operations and functions set out in the present claims. Appellants seek to distinguish their invention as defined by their claims from Leissner on the following grounds, to wit: (a) That their precombustion chamber is of such size as to hold the charge of fuel, with a reserve of air behind the fuel in the chamber; (b) it has an injection valve, by which the fuel is not sprayed throughout the precombustion chamber, but is deposited close to the cylinder opening, the injection being at high speed, solid jets, directly across the precombustion chamber; and (c) it regulates the amount of fuel consumed and pressure produced in the precombustion chamber, not by the amount of air in the precombustion chamber, but by the character and surface of the injection; that is, by the speed, number, and size of the jets, which determine the surface contact between the fuel and air, and the extent of the ignition of the fuel.

We agree with the Commissioner that these elements and functions are all within the contemplation of Leissner's invention, and the present device falls within the rule stated in Railroad Supply Co. v. Elyria Iron & Steel Co., 244 U. S. 285, 37 S. Ct. 502, 61 L. Ed. 1136, to wit:

"A mere carrying forward of the original thought, a change only in form, proportions, or degree, doing the same thing in the same way, by substantially the same means, with better results, is not such an invention as will sustain a patent. Roberts v. Ryer, 91 U. S. 150 [23 L. Ed. 267]; Belding Mfg. Co. v. Challenge Corn Planter Co., 152 U. S. 100 [14 S. Ct. 492, 38 L. Ed. 370]; Market Street Cable Ry. Co. v. Rowley, 155 U. S. 621, 629 [15 S. Ct. 224, 39 L. Ed. 284]."

The decision of the Commissioner of Patents is affirmed.